UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4840

EMMETTE JEROME KELLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-99-20)

Submitted: April 20, 2000

Decided: May 3, 2000

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Moody, IV, Cathy Ellen Krinick, KRINICK, SEGALL,
MOODY & LEWIS, Newport News, Virginia, for Appellant. Helen
F. Fahey, United States Attorney, Robert E. Bradenham, II, Assistant
United States Attorney, Billy B. Ruhling, II, Third Year Law Student,
Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Emmette Jerome Kelley appeals his conviction entered after a jury trial for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). On appeal, Kelley suggests only that the district court erred in declining to suppress the evidence obtained as a result of the execution of a valid search warrant because the investigating officers failed to comply with the federal "knock and announce" requirement. See 18 U.S.C.§ 3109 (1994); United States v. Kennedy, 32 F.3d 876, 882 (4th Cir. 1994). The district court denied Kelley's motion to suppress finding that the police officers possessed a reasonable suspicion that the execution of the search warrant posed a danger to the officers. See Richards v. Wisconsin, 520 U.S. 385, 394 (1997); see Gould v. Davis, 165 F.3d 265, 270 (4th Cir. 1998). We review the district court's factual findings for clear error and its legal conclusions de novo. See United States v. Ward, 171 F.3d 188, 193 (4th Cir.), cert. denied, ___ U.S. ___, 68 U.S.L.W. 3226 (U.S. Oct. 4, 1999) (No. 98-9884).

In this context, "a mere suspicion of danger-- if reasonable -- will excuse the police from knocking and announcing their presence." United States v. Grogins, 163 F.3d 795, 798 (4th Cir. 1998). We find that in light of Kelley's participation in drug trafficking and the fact that a reliable confidential informant observed a firearm in Kelley's living room that same day, compliance with the knock and announce requirement was excused by a reasonable suspicion of danger. See Kennedy, 32 F.3d at 882; Grogins, 163 F.3d at 799 (collecting cases regarding the "tight" connection between drug trafficking and guns). The district court did not employ a "blanket exception" to the knock and announce requirement in this case merely because this was a drug related criminal investigation. Cf. Richards, 520 U.S. at 393-94. As a result, we must conclude that the district court did not err in denying Kelley's motion to suppress the crack cocaine seized from Kelley's house.

2

Accordingly, we affirm Kelley's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3